DOC # 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JACINTA HENRY,

                Plaintiff,

   -against-

NEW YORK CITY BOARD OF EDUCATION,
CHEIKH SOW, AND RENE CASSANOVA,

                Defendants.
------------------------------------------------------------x

ECF CASE

VERIFIED COMPLAINT
AND JURY TRIAL DEMAND

INDEX NO. 05 CIV. 2228

ASSIGNED JUDGE:

JUDGE BATTS



      Plaintiff, Jacinta Henry, by and through her attorney, Paul N. Cisternino, Esq., as and for her complaint, alleges as follows:

## INTRODUCTION

      1. This is an action against the Defendant parties, individually and collectively, for the violation of Plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under law.

      2. Plaintiff seeks money and other damages for the wrongful, illegal and unconstitutional acts of the Defendants in violation of the Civil Rights Act of 1871, 42 U.S.C. §1983 and the First and Fourteenth Amendments to the United States Constitution, in that Plaintiff was sexually harassed and subjected to a sexually hostile work environment which Defendants failed to correct or remedy, retaliated against for complaining of said behavior and for seeking relief from it, and her employment terminated.

## JURISDICTION AND VENUE

3. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 [3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the First and Fourteenth Amendments to the United States Constitution.

4. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, this being an action in which Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief, should such be deemed appropriate, necessary and/or desirable in the interest of justice in order to provide plaintiff with a full and complete remedy for the violation of his rights.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## PARTIES

6. Plaintiff resides in Bronx County within the State of New York and at all times relevant herein was an "employee" of the New York City Board of Education (hereinafter "BOE").

7. Defendant Rene Cassanova (hereinafter "Cassanova"), upon information and belief, resides in New York State and at all times relevant herein was employed by BOE.

8. Defendant Cheik Sow (hereinafter "Sow"), upon information and belief, resides in New York State and at all times relevant herein was employed by BOE.

## ALLEGATIONS

9. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "8" as though fully set forth herein.

10. Plaintiff is an African American female who had been employed by BOE as a teacher on a full-time basis since 2001.

11. During the time period relevant herein, Plaintiff was assigned to the Alfred E. Smith High School on a probationary basis.

12. During the time period relevant herein, the Principal of the Alfred E. Smith High School was Cassanova.

13. During the time period relevant herein, the Assistant Principal of the Alfred E. Smith High School and Plaintiff's direct supervisor was Sow.

14. In or about December 2002, Plaintiff's classroom lesson was observed by Sow and she received a rating of "satisfactory."

15. Beginning in or about early 2003 Sow began to sexually harass Plaintiff and created a work environment hostile to Plaintiff by, *inter alia*, repeatedly making sexually suggestive comments to Plaintiff, repeatedly propositioning Plaintiff for sex, making unwelcome sexual advances upon Plaintiff, and inappropriately manipulating his genitals through his trousers in the presence of Plaintiff.

16. After Plaintiff repeatedly rejected Sow's advances and asked that he discontinue his actions, Sow began to retaliate against Plaintiff by, *inter alia*, overly scrutinizing Plaintiff's work activities and giving her unfair, negative performance evaluations.

17. Plaintiff expressly made reference to Sow's harassing behavior in a February

14, 2003 letter to Cassanova.

18. Upon information and belief, no adequate remedial action was taken by BOE or Cassanova in response to Plaintiff's complaint.

19. In a meeting with Plaintiff, Sow and Cassanova in or about February 2003, Cassanova refused to address Plaintiff's complaints and, instead, was critical of Plaintiff stating that she would "make sure [Plaintiff] doesn't teach again."

20. Sow's retaliation against Plaintiff continued with repeated negative evaluations in the subsequent months of 2003.

21. Plaintiff's probationary service period was eventually discontinued by Cassanova on or about June 19, 2003, after she received a final unsatisfactory rating.

22. Plaintiff was not permitted to work for BOE after June 2003.

23. At the time of the discontinuance of her probation, Plaintiff was making a salary of approximately $39,000 per anum.

24. Plaintiff was terminated, upon information and belief, because she refused to acquiesce to Sow's sexual demands and/or because she chose to exercise her free speech rights and complained about his actions and the sexually hostile work environment which he created and which Defendants failed to rectify.

25. As herein described, as the direct and proximate result of Defendant's unlawful acts, Plaintiff suffered, *inter alia*, mental anguish, conscious pain and suffering, emotional distress, the loss of past and future employment and income and other employment-related benefits, and other injuries and psychological damages of a protracted and permanent nature, the full extent of which are currently unknown.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. §1983

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. Throughout the events recited herein, the Defendants, while acting under color of law, subjected Plaintiff, who's gender is female, to sexual harassment and a hostile work environment, thereby depriving her of rights, privileges and immunities secured by the Constitution and laws of the United States, specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment.

28. The aforesaid wrongful and reckless acts of the Defendants were committed willfully and maliciously, thereby entitling Plaintiff to compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT
## PURSUANT TO 42 U.S.C. §1983

29. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" as though fully set forth herein.

30. Throughout the events recited herein, the Defendants, while acting under color of law, subjected Plaintiff to retaliation for engaging in protected speech when she complained about the sexual harassment and sought intervention from the Defendants, thereby depriving her of rights, privileges and immunities secured by the First Amendment to the United States Constitution.

31. The aforesaid wrongful and reckless acts of the Defendants were committed

willfully and maliciously, thereby entitling Plaintiff to compensatory and punitive damages and an award of reasonable attorney's fees.

**WHEREFORE,** Plaintiff Jacinta Henry, respectfully requests that the Court assume jurisdiction herein and thereafter:

1. Enter declaratory and injunctive relief, where appropriate;

2. Award the Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

3. Award reasonable attorney's fees and the costs of this action; and

4. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated: White Plains, New York
       February 11, 2005

>                                 Law Office of Paul N. Cisternino, P.C.
>                                 *Attorneys for Plaintiff*
>                                 By: _____
>                                     Paul N. Cisternino (PC-0317)
>                                     701 Westchester Avenue  Suite 308W
>                                     White Plains, New York  10604
>                                     (914) 997-0303

# VERIFICATION

STATE OF NEW YORK            )
                             ) SS:
COUNTY OF WESTCHESTER        )

JACINTA HENRY , being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

_____
JACINTA HENRY

Subscribed and sworn to before me this
17th day of February, 2005.

_____
Notary Public

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 5/1/07