USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/5/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JACINTA HENRY,

                                              Plaintiff,

              -against-

NEW YORK CITY BOARD OF EDUCATION,
CHEIKH SOW, RENE CASSANOVA,

                                              Defendants.

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

05 Civ. 2228 (DAB)

------------------------------------------------------------------ x

       **WHEREAS,** plaintiff Jacinta Henry ("Plaintiff") commenced this action, on or about February 18, 2005, alleging that defendants subjected her to a hostile work environment and retaliated against her in violation of Federal law.

       **WHEREAS,** defendants deny the truth of plaintiff's allegations and any and all liability arising out of plaintiff's allegations; and

       **WHEREAS,** the undersigned parties now desire to resolve the issues raised in this action without further proceedings and without admitting any fault or liability;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

       1.    The above captioned action is hereby dismissed with prejudice as to defendants Chiekh Sow and Rene Cassanova and without costs, expenses, or fees.

       2.    The above-captioned action is hereby dismissed with prejudice as to defendant New York City Board of Education without costs, expenses or fees in excess of the amount specified in paragraph 3 below.

3. The City of New York shall pay to plaintiff the total sum of Ten thousand dollars and no cent ($10,000) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.

4. In the event that a taxing authority or a court determines that the payment as set forth in paragraph "3 " herein made to plaintiff by the City of New York is subject to personal income tax, any taxes, interest or penalties owed by plaintiff shall be the sole responsibility of the plaintiff.

5. In consideration for the terms set forth in paragraphs 2 through 4 above, plaintiff agrees to the dismissal of all claims against the defendants and to release the defendants, any present or former employees or agents of the New York City Department of Education and the City of New York, from any and all liability, claims, or rights of action arising from and contained in the complaint in this action, including claims for costs, expenses and attorney fees.

6. Plaintiff shall execute and deliver to defendants' attorney all documents reasonably necessary to effect this settlement, including, without limitation, a General Release based on the terms set forth herein, and an Affidavit of No Liens.

7. Plaintiff acknowledges that she has carefully read and fully understands all the provisions of this Stipulation of Settlement and Dismissal, and has thoroughly reviewed any releases and waivers referenced herein, and understood the effect of any said releases and waivers before executing this Stipulation of Settlement and Dismissal.  Plaintiff also acknowledges that she, through her attorney, executed this Stipulation of Settlement and Dismissal voluntarily, and with full knowledge of its terms and consequences, that she has been represented by counsel in this litigation, and that her counsel has discussed the terms of this Stipulation of Settlement and Dismissal, including but not limited to, the waiver of plaintiff's

rights under the Age Discrimination in Employment Act and its subsection, the Older Workers Benefit Protection Act ("OWBPA") with plaintiff.

        8.      Plaintiff further acknowledges that she is being and has been afforded a minimum of twenty-one (21) days to consider the terms of this Stipulation of Settlement and Dismissal, and has seven (7) days following his execution of this Stipulation of Settlement and Dismissal within which to revoke its terms. The parties agree that the terms of this Stipulation of Settlement and Dismissal shall not be deemed effective and enforceable until seven (7) days have passed after the date that this Stipulation of Settlement and Dismissal is executed by her counsel on behalf of plaintiff. The parties further agree that the revocation by plaintiff shall be effective only if an originally executed written notice of revocation is delivered to defendants' counsel on or before 5:00 p.m. on the seventh day after the date of plaintiff execution of this Stipulation of Settlement and Dismissal. Nothing contained herein shall be deemed to be an admission by the defendant that it has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York and the New York Department of Education. This stipulation shall not be admissible in, nor is it related to, any other litigation

or settlement negotiations.

9. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Department of Education.

Dated: New York, New York
Dec. 9, 2005

LAW OFFICES OF PAUL CISTERNINO, P.C.
Attorneys for Plaintiff
701 Westchester Avenue, Suite 308W
White Plains, New York 10604
(914) 997-0303

By: _____
Paul Cisternino (PC0317)

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-300
New York, New York 10007
(212) 788-6838

By: _____
Jonathan Bardavid (JB0072)
Assistant Corporation Counsel

SO ORDERED:

_____
United States District Judge 1/4/06